IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>VEEAM SOFTWARE CORPORATION,<br><br>    Defendant.<br>_____/ | No. C 12-00700 SI<br><br>**ORDER DENYING MOTIONS TO DISMISS** |

      This matter concerns patent infringement actions initiated by plaintiff Symantec Corporation ("Symantec") against defendant Veeam Corporation ("Veeam"). Symantec has brought two cases: Case No. C 12-700 SI, pertaining to U.S. Patents No. 7,191,299 ('299) and No. 7,254,682 ('682); and Case No. C 12-01035 SI, pertaining to U.S. Patents No. 6,931,558 ('558) and No. 7,093,086 ('086). Symantec asserts the following claims against Veeam: (1) direct infringement, (2) contributory infringement, and (3) induced infringement of the asserted patents.[1] Veeam now moves to dismiss both complaints pursuant to Fed. R. Civ. P. 12(b)(6). Defendant's motions to dismiss are currently scheduled for hearing on June 1, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds these motions appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES defendant's motions. **The parties' Case Management Conference remains on calendar, but is reset to 9:30 a.m on Friday June 1, 2012.**

---

    [1] These cases have identical complaint counts and paragraph numbering, and have been consolidated under No. C 12-700 SI. All citations are to No. C 12-700 SI unless otherwise indicated.

## BACKGROUND

Symantec is a software provider which has developed and owns patents in backup and recovery software, including NetBackup and Backup Exec, used in virtual data protection and storage. Comp. ¶¶ 17, 19 (Dkt. 20). Symantec initially acquired the early versions of the software in 2005, when it merged with another software company. *Id.*. ¶¶ 11, 13. After additional research and development, Symantec obtained the patents in suit: the '299 patent "provides solutions for storage life cycle management," and the '682 patent teaches a "snapshot" method to "selectively back-up desired files." *Id*. ¶¶ 25, 26.

As described in the second complaint, the '086 teaches a method for a "distinct, remote backup" on a separate storage device, and the '558 patent provides for backup and restoration of an entire machine on a network in the event that the client should become incapable of booting up on its own. Compl. ¶ ¶ 25, 26 (CV 12-01035, Dkt. 1). Veeam produces a Backup & Replication software suite, which "provides image-based backup tools," that competes with Symantec's products in the market. *Id*. ¶ 28. Symantec alleges that "Veeam has infringed and continues to infringe Symantec's asserted patents through at least its Backup & Replication line of products and related services, including for example, Backup & Replication v5 and Backup & Replication v6." *Id*. ¶ 33. Plaintiff also alleges that Veeam indirectly infringes the asserted patents by inducing "distributors, consumers, and end-users to directly infringe the Asserted Patents by selling or using Backup & Replication products." *Id*. ¶ 35. The allegations include the use of "marketing, sales, and customer support materials" and "verbal and written instructions, including technical know-how" in order to "intentionally aid, assist, and encourage infringement." *Id*. Plaintiff asserts that Veeam has had knowledge of the asserted patents at least as of February 13, 2012, when it was served with the complaint in No. C 12-700 SI, and it presently "actively and knowingly induces" infringement by others and continues the directly infringing activities. *Id*. ¶ 34.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir.2008). Notice pleading

requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, such a showing "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Legal conclusions may "provide the framework of a complaint,[but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

The court must take all factual allegations found in the complaint as true and construe them in the light most favorable to the plaintiff. *See Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). However, the court is not required to accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A complaint is insufficient if it "fails to specify the allegations in a manner that provides sufficient notice" to the defendant. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

To state a claim of patent infringement, "a plaintiff must allege that the defendant makes, uses, offers to sell, or sells the patented invention within the United States, during the term of the patent, and without authority of the patent holder." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F. Supp. 1237, 1249 (N.D. Cal. 1997). A claimant is not required to "to set out in detail the facts upon which he bases his claim," instead, the complaint "need only plead facts sufficient to place the alleged infringer on notice." *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc*., 203 F.3d 790, 794 (Fed. Cir. 2000). In this District, Local Patent Rule 3-1 requires detailed disclosure of asserted claims and infringement contentions shortly after the initial Case Management Conference to provide further information about the scope of the patent infringement claim.

**DISCUSSION**

**1.     Direct Infringement**

The defendant does not challenge the adequacy of the complaints' allegations of direct infringement with regards to the identified products, Backup & Replication v5 and v6. Motion to Dismiss at 13 (Dkt. 31). The defendant moves to dismiss the direct infringement claims only with

3

respect to the "related services" referred to in the complaints, contending that this description is impermissibly vague. *See* Comp. ¶ 33: ("Veeam has infringed and continues to infringe Symantec's Asserted Patents through at least its Backup & Replication line of products and related services, including for example, Backup & Replication v5 and Backup & Replication v6."). This Court has recently stated that to "successfully state a claim for direct infringement, a plaintiff must allege five elements: (1) ownership of the allegedly infringed patent, (2) the infringer's name, (3) a citation to the patent, (4) the infringing activity, and (5) citations to applicable federal patent law." *Kilopass Tech. Inc. v. Sidense Corp.*, C 10-02066 SI, 2010 WL 5141843 (N.D. Cal. Dec. 13, 2010) (citing *Phonometrics*, 203 F.3d at 794). In *Kilopass*, this Court found sufficient the allegations of infringement implicating "silicon devices, for example the XS 1-G4, that contain the infringing Sidense design." *Id*. Under this standard of identifying associated instances of infringement, the statement "Backup & Replication line of products and related services, including for example, Backup & Replication v5 and Backup & Replication v6" is sufficient because the "related services" are those directly related to the identified software products.

The defendant relies on two recent cases from this district, both of which are inapposite. In *Wistron Corp. v. Phillip M. Adams & Associates*, LLC, C-10-4458 EMC, 2011 WL 4079231 (N.D. Cal. Sept. 12, 2011), the Court found allegations concerning "'other products' without providing any further identification of such products" to be a "bare reference . . . [that] is clearly inadequate." *Id*. at *4. However, in that case, the allegations concerned "computer chips, motherboards, computers, and 'other products." *Id*. This is a much broader spectrum of potentially infringing products than the data backup and recovery tools, and the services related to those specific products, identified by Symantec. Similarly, in *Bender v. LG Electronics U.S.A., Inc.*, C 09-02114 JF, 2010 WL 889541 (N.D. Cal. Mar. 11, 2010), the Court found insufficient allegations concerning "without limitation, cell phones, computers, network drivers, high definition television sets, ultrasound machines," among others, because the complaint presented "a long list of allegedly infringing product types, any one of which might contain thousands – if not millions– of electrical circuits, which may be spread across many chips." *Id*. at *4. Again, the allegations in that case covered a much broader spectrum of products than Veeam's services related to its identified Backup & Replication software.

4

### 2. Contributory Infringement

Even in the absence of direct infringement, a "party may still be liable for inducement or contributory infringement of a method claim if it sells infringing devices to customers who use them in a way that directly infringes the method claim." *AquaTex Indus., Inc. v. Techniche Solns*., 419 F.3d 1374, 1379 (Fed. Cir. 2005). Plaintiff alleges that the defendant "on information and belief. . . has contributed and continues to contribute to acts of infringement . . . by causing others to make, use, offer for sale and sell" the aforementioned products. Comp. ¶¶ 40, 47 (Dkt. 20). Plaintiff also alleges that the Backup & Replication line of products "which it sells directly to consumers as well as through its distribution partners" was "especially designed, made, or adapted" for use in an infringing manner, and has "no substantial non-infringing uses." *Id*. ¶ 36. Further, the defendant was notified of the patents at issue, and hence had knowledge of the infringement, by the service of complaint in No. C 12-700 SI on Feb. 13, 2012. *Id*. ¶ 34. Defendant moves to dismiss the contributory infringement claims, arguing that: (1) the complaints provide only bare and conclusory allegations because the "pleadings do not explain how Veeam's products infringe," Motion to Dismiss at 10 (Dkt. 31); and (2) the complaint does not adequately plead the defendant's knowledge of infringement.

In support of its first argument, defendant relies on *Medsquire LLC v. Spring Med. Sys. Inc*., 2:11-CV-04504-JHN, 2011 WL 4101093 (C.D. Cal. Aug. 31, 2011). There the Court found that allegations of contributory infringement "should include, at a minimum, a description of how the 'Care360 system' infringes." *Id*. at *4. However, that position has not been adopted in this district. *See, e.g., Rambus, Inc. v. Nvidia Corp*., C 08-3343 SI, 2008 WL 4911165 at *3 (N.D. Cal. Nov. 13, 2008) (allegations that the defendant "has contributed to and continues to contribute to" infringement by offering for sale the accused product was "rather conclusory, [but] sufficient to withstand a motion to dismiss."); *see also Talon Research, LLC v. Hynix Semiconductor Am. Inc.*, C 11-05058 CW, 2012 WL 1188909 at *1 (N.D. Cal. Apr. 9, 2012) ("plaintiff sufficiently alleges contributory infringement claims by pleading (1) direct infringement by Defendants' customers; (2) Defendants' knowledge of Talon's patents, inferred from the infringement notices; and (3) that Defendants' E2NAND memory products and eMMC compliant controllers are the subject products of Talon's claims."). Defendant also relies on *IpVenture, Inc. v. Cellco P'ship*, C 10-04755 JSW, 2011 WL 207978 (N.D. Cal. Jan. 21, 2011),

5

which rejected bare allegations of contributory infringement. That case, however, does not support defendant's argument because the plaintiff in *IpVenture* "admit[ted] that it has not made the factual allegations underlying this claim explicit in the complaint" and "as currently drafted, the complaint fails to give Defendants sufficient notice." *Id*. at *3. Here, as noted above, plaintiff has alleged sufficient facts to identify the infringing products and the acts of contributory infringement with respect to the products and services sold by Veeam and its distributors.[2]

With respect to defendant's argument about insufficient allegations of knowledge, plaintiff contends that it has sufficiently pled knowledge for post-complaint activities "at a minimum" in light of the February 2012 filing in case No. C 12-700 SI, and that it "suspects" Veeam's earlier knowledge of patents may be revealed in discovery. Opposition Brief at 7 (Dkt. 7). The Court finds that plaintiff has adequately pled knowledge of alleged infringement *as of* the date of the complaint in No. C 12-700 SI. *See, e.g., Intellect Wireless Inc. v. Sharp Corp.*, 10 C 6763, 2012 WL 787051 at *11 (N.D. Ill. Mar. 9, 2012) (defendants' "knowledge of the patent as of the time of the suit's commencement can satisfy the knowledge requirement for conduct that post-dates the date of the complaint."); *Trading Technologies Int'l, Inc. v. BCG Partners, Inc*., 10 C 715, 2011 WL 3946581 at *4 (N.D. Ill. Sept. 2, 2011) ("The Court sees no reason why a defendant who is directly infringing on a product should avoid liability for an indirect infringement claim when it continues to sell the allegedly infringing product and encourages others to infringe, simply because it happened to learn of the patent in connection with a lawsuit."); *but see Mallinckrodt Inc. v. E–Z–EM Inc*., 670 F.Supp.2d 349, 354 (D.Del.2009) ("The Court is not persuaded by Plaintiffs' contention that the requisite knowledge can be established by the filing of the Plaintiffs' Complaint."). The Court, however, will construe the complaints as covering contributory infringement for post-filing conduct, where the defendant's knowledge has been adequately alleged.

---

[2] Defendant's reliance on *Halton Co. v. Streivor, Inc*., C 10-00655 WHA, 2010 WL 2077203 at *2 (N.D. Cal. May 21, 2010), is also misplaced. In *Halton*, the court found bare allegations of contributory infringement regarding defendant's sale of commercial kitchen products were implausible and could not "fit[] the theory of contributory infringement" because nothing in the complaint supported an inference that the commercial kitchen products were "a component of patented machine," not capable of "substantial noninfringing use" or that anyone other than defendant was using the component to infringe. Here, however, there is nothing implausible about Symantec's theory of contributory infringement of its software patents by sale and use of Veeam's software and services, and plaintiff has identified third parties – in particular distributors – who are selling the accused products.

### 3. Induced Infringement

To state a claim for induced infringement, the alleged infringer "must knowingly induce infringement," while "knowing that the combination for which his component was especially designed was both patented and infringing." *Kilopass,* C 10-02066 SI, 2010 WL 5141843; *see also Manville v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990). Furthermore, "advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe and can constitute actively aiding another's infringement." *AntiCancer, Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, 745 F. Supp. 2d 1165, 1170 (S.D. Cal. 2010) (citing *MGM Studios, Inc. v. Grokster*, Ltd., 545 U.S. 913, 936 (2005)). Plaintiff alleges that the defendant induces "distributors, consumers, and end-users to directly infringe the Asserted Patents by selling or using Backup & Replication products" through the use of "marketing, sales, and customer support materials" and "verbal and written instructions, including technical know-how." Comp. ¶ 35. Plaintiff also alleges that the Backup & Replication line of products was "especially designed, made, or adapted" for use in an infringing manner, and has "no substantial non-infringing uses." *Id*. ¶ 36.

Defendant argues, as with the contributory infringement claim, that the complaints fail to adequately plead facts to support the inference of "specific intent to encourage another's infringement" and again raises the issue of knowledge of infringement. Motion to Dismiss at 12 (Dkt. 31). Specific intent can reasonably be inferred in this case from the allegations regarding defendant's marketing materials and offers to sell the infringing products. *See California Inst. of Computer Assisted Surgery, Inc. v. Med-Surgical Services, Inc*., C-10-05067-CW, 2011 WL 672709 at *4 (N.D. Cal. Feb. 16, 2011) ("one can infer from the information on the website, publicizing the technologies, offering brochures describing the products and users' manuals, as well as listing company customers, that Defendants were advertising and intended to use or sell the technologies"); *see also Trading Technologies Int'l, Inc. v. BCG Partners, Inc.*, 10 C 715, 2011 WL 3946581 (N.D. Ill. Sept. 2, 2011) ("allegations are sufficient to show specific intent as well, because the Court may infer that by selling their infringing products the defendants intended their customers to use them and thus infringe TT's patents."). However, as with the contributory infringement claim, any inducement claims will be limited to post-filing conduct as

7

there are no allegations supporting specific intent prior to the filing of the complaint in No. C 12-700 SI.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motions to dismiss.

**IT IS SO ORDERED.**

Dated: May 31, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE