1  **NIXON PEABODY LLP**
   Gregory P. O'Hara (State Bar No. 131963)
2  Lisa A. Cole (State Bar No. 184267)
   2 Palo Alto Square
3  3000 El Camino Real, Suite 500
   Palo Alto, CA 94306
4  Telephone: 650.320.7750
   Facsimile: 866.294.5752
5  Email: gohara@nixonpeabody.com
   Email: lcole@nixonpeabody.com
6
7  **STERNE, KESSLER, GOLDSTEIN & FOX PLLC**
8  Mark Fox Evens (admitted *pro hac vice*)
   Byron L. Pickard (admitted *pro hac vice*)
9  1100 New York Avenue N.W.
   Washington, D.C. 20005
10 Telephone: 202.371.2600
   Facsimile: 202.371.2540
11 Email: mevens@skgf.com
   Email: bpickard@skgf.com
12
13 *Attorneys for Defendant Veeam Software Corporation*

14

15              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
16                 **SAN FRANCISCO DIVISION**

17

18 SYMANTEC CORPORATION,                    Civil Action No.: 3:12-cv-00700-SI

19          Plaintiff,                      **DEFENDANT VEEAM SOFTWARE**
                                            **CORPORATION'S AMENDED**
20 v.                                       **ANSWER, AFFIRMATIVE**
                                            **DEFENSES, AND**
21 VEEAM SOFTWARE CORPORATION,              **COUNTERCLAIMS**

22          Defendant.                      **JURY TRIAL DEMANDED**
23

24

25

26

27

28
   **DEFENDANT VEEAM SOFTWARE CORPORATION'S**                    **3:12-cv-00700-SI**
   **AMENDED ANSWER, AFFIRMATIVE, DEFENSES,**
   **AND COUNTERCLAIMS**

Defendant-Counterclaim Plaintiff Veeam Software Corporation ("Veeam"), for its Amended Answer, Affirmative Defenses, and Counterclaims to the Complaint of Plaintiff-Counterclaim Defendant Symantec Corporation ("Symantec"), answers the numbered paragraphs of the Complaint as follows:

## INTRODUCTION

1.    Veeam denies the first paragraph except to admit only Symantec brought this action against Veeam.

## PARTIES

2.    Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 2 and, on that basis, denies those allegations.

3.    Admit paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.    Paragraph 4 of the Complaint contains conclusions of law and statements of fact to which no response is required, but to the extent an answer is deemed required, deny. Veeam will not contest subject matter jurisdiction for purposes of this action only.

5.    Paragraph 5 of the Complaint contains conclusions of law and not averments of fact to which no response is required, but to the extent a response is required, deny. Veeam will not contest personal jurisdiction for purposes of this action only.

6.    Paragraph 6 of the Complaint contains conclusions of law and not averments of fact to which no response is required, but to the extent a response is required, deny. Veeam will not contest venue for purposes of this action only.

## INTRADISTRICT ASSIGNMENT

7.    Paragraph 7 of the Complaint contains conclusions of law and not averments of fact to which no response is required, but to the extent a response is required, deny.

**DEFENDANT VEEAM SOFTWARE CORPORATION'S**                     **3:12-cv-00700-SI**
**AMENDED ANSWER, AFFIRMATIVE, DEFENSES,**
**AND COUNTERCLAIMS**

## FACTUAL BACKGROUND

**Symantec's History**

8.   Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 8 and, on that basis, denies those allegations.

9.   Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 9 and, on that basis, denies those allegations.

10.  Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 10 and, on that basis, denies those allegations.

11.  Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 11 and, on that basis, denies those allegations.

12.  Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 12 and, on that basis, denies those allegations.

13.  Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 13 and, on that basis, denies those allegations.

14.  Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 14 and, on that basis, denies those allegations.

**Symantec Is A Leader In Virtual Machine Backup & Management Technology**

15.  Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 15 and, on that basis, denies those allegations.

16.  Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 16 and, on that basis, denies those allegations.

17.  Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 17 and, on that basis, denies those allegations.

18.  Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 18 and, on that basis, denies those allegations.

19.  Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 19 and, on that basis, denies those allegations.

20.  Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 20 and, on that basis, denies those allegations.

**Symantec Invests Heavily In Research & Development**

21.  Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 21 and, on that basis, denies those allegations.

22.  Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 22 and, on that basis, denies those allegations.

**Symantec's Patents-in-Suit**

23.  Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 23 and, on that basis, denies those allegations.

24.  Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 24 and, on that basis, denies those allegations.

25.  Deny paragraph 25 of the Complaint.

26.  Deny paragraph 26 of the Complaint.

**Veeam's History**

27.  Veeam denies paragraph 27 except to admit only that it formed in 2006 and introduced Veeam Backup & Replication in 2008.

28.  Deny paragraph 28 of the Complaint.

29.  Deny paragraph 29 of the Complaint.

**Veeam's Free-Riding On Symantec's Intellectual Property & Brand Has Irreparably Harmed Symantec**

30.  Deny paragraph 30 of the Complaint.

**DEFENDANT VEEAM SOFTWARE CORPORATION'S AMENDED ANSWER, AFFIRMATIVE, DEFENSES, AND COUNTERCLAIMS**

3:12-cv-00700-SI

31.   Deny paragraph 31 of the Complaint.

32.   Deny paragraph 32 of the Complaint.

**Veeam Infringes Symantec's Patents**

33.   Deny paragraph 33 of the Complaint.

34.   Deny paragraph 34 except to admit that on February 13, 2012, Symantec served its originally filed complaint on Veeam with copies of the Asserted Patents.

35.   Deny paragraph 35 of the Complaint.

36.   Deny paragraph 36 of the Complaint.

<u>**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,191,'299**</u>

37.   Veeam incorporates its responses to paragraphs 1-36 as if fully set forth in paragraph 37.

38.   Deny paragraph 38 of the Complaint except to admit that the face of the '299 patent states it was issued on March 13, 2007.

39.   Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 39 and, on that basis, denies those allegations.

40.   Deny paragraph 40 of the Complaint.

41.   Deny paragraph 41 of the Complaint.

42.   Deny paragraph 42 of the Complaint.

43.   Deny paragraph 43 of the Complaint.

<u>**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,254,'682**</u>

44.   Veeam incorporates its responses to paragraphs 1-36 as if fully set forth in paragraph 44.

45.   Deny paragraph 45 of the Complaint except to admit that the face of the '682 patent states it was issued on August 7, 2007.

**DEFENDANT VEEAM SOFTWARE CORPORATION'S**                    **3:12-cv-00700-SI**
**AMENDED ANSWER, AFFIRMATIVE, DEFENSES,**
**AND COUNTERCLAIMS**

46.   Veeam is without knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 46 and, on that basis, denies those allegations.

47.   Deny paragraph 47 of the Complaint.

48.   Deny paragraph 48 of the Complaint.

49.   Deny paragraph 49 of the Complaint.

50.   Deny paragraph 50 of the Complaint.

Veeam specifically denies any allegations not specifically addressed here.

## REQUEST FOR RELIEF

Veeam denies that Symantec is entitled to any judgment or relief against Veeam and, therefore, specifically denies paragraphs (a) through (d) of Defendant's Request for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense
### (Non-Infringement)

51.   Veeam's proposed products and services, including but not limited to, the Veeam Backup & Replication line of products and related services, have not infringed, do not infringe, cannot infringe, and will not infringe, either directly or indirectly, any claim of the '299 patent and the '682 patent, either literally or under the doctrine of equivalents.

### Second Defense
### (Invalidity)

52.   Each claim of the '299 patent and the '682 patent is invalid for failing to comply with one or more of the conditions and requirements for patentability under Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

**DEFENDANT VEEAM SOFTWARE CORPORATION'S**
**AMENDED ANSWER, AFFIRMATIVE, DEFENSES,**
**AND COUNTERCLAIMS**

3:12-cv-00700-SI

### Third Defense
### (Failure to State a Claim)

53.   Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Reservation of Rights

54.   Veeam reserves the right to assert such other defenses that may appear as discovery proceeds in this case.

### VEEAM'S DECLARATORY JUDGMENT COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Veeam hereby Counterclaims against Symantec Corporation and, in support thereof, alleges as follows:

### The Parties

1.   Veeam Software Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 8800 Lyra Drive, Suite 350, Columbus, Ohio 43240.

2.   On information and belief, Symantec Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 350 Ellis Street, Mountain View, California 94043.

### Jurisdiction and Venue

3.   These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under the United States Patent Laws, 35 U.S.C. §§ 100 *et seq.*, and under 35 U.S.C. § 282 ¶2(1).

4.   These counterclaims arise out of the same transactions and occurrences that are the subject of the claims asserted in the Complaint in the above-captioned action.

5.   This Court has subject-matter jurisdiction based on 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**DEFENDANT VEEAM SOFTWARE CORPORATION'S**                    **3:12-cv-00700-SI**
**AMENDED ANSWER, AFFIRMATIVE, DEFENSES,**
**AND COUNTERCLAIMS**

6.   This Court has personal jurisdiction over Symantec because, *inter alia*, Symantec consented to jurisdiction by suing Veeam in this District.

7.   This Court has the proper venue under 28 U.S.C. §§ 1391 and 1400(b).

8.   This is an action for declaratory relief seeking a declaration of non-infringement and invalidity of United States Patent No. 7,191,'299 ("the '299 patent") and United States Patent No. 7,254,'682 ("the '682 patent").

9.   The '299 patent and the '682 patent are invalid, and will not be infringed by the manufacture, use, or sale of any of Veeam's products and related services.

10.  Counterclaim Defendant, Symantec, filed the instant Complaint in this Court alleging that: (i) Veeam's intended commercial manufacture, use, sale, offer for sale, or importation of products and services, including but not limited to, the Veeam Backup & Replication line of products and related services, for example Backup & Replication v5 and Backup & Replication v6 will infringe one or more claims of the '299 patent and (ii) Veeam's intended commercial manufacture, use, sale, offer for sale, or importation of products and services, including but not limited to, the Veeam Backup & Replication line of products and related services, for example Backup & Replication v5 and Backup & Replication v6, will infringe one or more claims of the '682 patent. (Complaint at 8).

11.  Veeam denies that it infringes any valid claim of the '299 patent and the '682 patent.

12.  Based on Symantec's filing of the instant Complaint against Veeam asserting infringement of the '299 patent and the '682 patent, an actual controversy now exists between Veeam and Symantec having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding whether Veeam has infringed any valid claim of the '299 patent and the '682 patent.

13.  Unless enjoined, Symantec will continue to assert that Veeam infringes the claims of '299 patent, the claims of the '682 patent and will continue to interfere with Veeam's business with respect to products and services including but not limited to, the Veeam Backup & Replication line of products and related services.

8

**DEFENDANT VEEAM SOFTWARE CORPORATION'S**
**AMENDED ANSWER, AFFIRMATIVE, DEFENSES,**
**AND COUNTERCLAIMS**

3:12-cv-00700-SI

14.  Veeam will be irreparably harmed if Symantec is not enjoined from asserting the '299 patent, the '682 patent, and interfering with Veeam's business.

### Count I
### (Declaratory Judgment of Non-Infringement)

15.  Veeam incorporates its statements to each of the preceding Paragraphs 1-14 as if fully set forth herein.

16.  Veeam's products and services, including but not limited to, the Veeam Backup & Replication line of products and related services, have not infringed, do not infringe, cannot infringe, and will not infringe, either directly or indirectly, any valid claim of the '299 patent, nor any valid claim of the '682 patent, either literally or under the doctrine of equivalents.

17.  Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Veeam requests a declaration from the Court that Veeam does not infringe the claims of the '299 patent nor any claims of the '682 patent.

### Count II
### (Declaratory Judgment of Patent Invalidity)

18.  Veeam incorporates its statements to each of the preceding Paragraphs 1-17 as if fully set forth herein.

19.  Each claim of the '299 patent and the '682 patent is invalid for failing to comply with one or more of the conditions and requirements for patentability under Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

20.  Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Veeam requests a declaration from the Court that the claims of the '299 patent and the '682 patent are invalid.

**DEFENDANT VEEAM SOFTWARE CORPORATION'S**
**AMENDED ANSWER, AFFIRMATIVE, DEFENSES,**
**AND COUNTERCLAIMS**

3:12-cv-00700-SI

## **REQUEST FOR RELIEF**

**WHEREFORE**, Veeam respectfully requests judgment and relief in its favor against Symantec as follows:

A.      Dismissing Symantec's Complaint with prejudice and denying each and every prayer for relief contained therein;

B.      Declaring that commercial manufacture, use, sale, offer for sale, marketing, or importation of Veeam's products and services, including but not limited to, the Veeam Backup & Replication line of products and related services, do not and will not infringe any claim of the '299 patent nor any claim of the '682 patent;

C.      Declaring that the claims of the '299 patent and the '682 patent are invalid;

D.      Enjoining Symantec, its officers, employees, agents, representatives, attorneys, and others acting on its behalf, from threatening or initiating infringement litigation against Veeam or its customers, dealers, or suppliers, or any prospective or present sellers, dealers, distributors, or customers of Veeam's, or charging them either orally or in writing with infringement of any patent asserted against Veeam;

E.      Declaring that this is an exceptional case and that Veeam be awarded its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

F.      Awarding to Veeam such further relief as this Court may deem necessary, just, and proper.

DATED: July 5, 2012                          /s/ Lisa A. Cole
                                                           Gregory P. O'Hara
                                                           Lisa A. Cole
                                                           **NIXON PEABODY LLP**
                                                           2 Palo Alto Square
                                                           3000 El Camino Real, Suite 500
                                                           Palo Alto, CA 94306
                                                           Telephone: 650.320.7750
                                                           Facsimile: 866.294.5752
                                                           Email: gohara@nixonpeabody.com
                                                           Email: lcole@nixonpeabody.com

10

**DEFENDANT VEEAM SOFTWARE CORPORATION'S**                    **3:12-cv-00700-SI**
**AMENDED ANSWER, AFFIRMATIVE, DEFENSES,**
**AND COUNTERCLAIMS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STERNE, KESSLER, GOLDSTEIN & FOX PLLC**
Mark Fox Evens (admitted *pro hac vice)*
Byron L. Pickard (admitted *pro hac vice*)
1100 New York Avenue N.W.
Washington, D.C. 20005
Telephone: 202.371.2600
Facsimile: 202.371.2540
Email: mevens@skgf.com
Email: bpickard@skgf.com

11

**DEFENDANT VEEAM SOFTWARE CORPORATION'S**
**AMENDED ANSWER, AFFIRMATIVE, DEFENSES,**
**AND COUNTERCLAIMS**

**3:12-cv-00700-SI**

1

**DEMAND FOR JURY TRIAL**

2

3
      Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 3-6, Defendant and

Counterclaimant Veeam Software Corporation demands a jury trial in this action.

4

5
DATED: July 5, 2012           /s/ Lisa A. Cole
                      Gregory P. O'Hara

6
                      Lisa A. Cole

7
                      **NIXON PEABODY LLP**
                      2 Palo Alto Square

8
                      3000 El Camino Real, Suite 500
                      Palo Alto, CA 94306

9
                      Telephone: 650.320.7750
                      Facsimile: 866.294.5752

10
                      Email: gohara@nixonpeabody.com

11
                      Email: lcole@nixonpeabody.com

12
                      **STERNE, KESSLER, GOLDSTEIN & FOX PLLC**
                      Mark Fox Evens (admitted *pro hac vic*)

13
                      Byron L. Pickard (admitted *pro hac vice*)
                      1100 New York Avenue N.W.

14
                      Washington, D.C. 20005
                      Telephone: 202.371.2600

15
                      Facsimile: 202.371.2540

16
                      Email: mevens@skgf.com
                      Email: bpickard@skgf.com

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT VEEAM SOFTWARE CORPORATION'S**           **3:12-cv-00700-SI**
**AMENDED ANSWER, AFFIRMATIVE, DEFENSES,**
**AND COUNTERCLAIMS**