Jennifer A. Kash (Bar No. 203679)
jenniferkash@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Dave Nelson (pro hac vice)
davenelson@quinnemanuel.com
Chris Lawnicki (pro hac vice)
chrislawnicki@quinnemanuel.com
500 West Madison Street, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Attorneys for plaintiff Symantec Corporation

Mark Fox Evens (*pro hac vice pending*)
Byron L. Pickard (*pro hac vice pending*)
STERNE KESSLER GOLDSTEIN & FOX
1100 New York Avenue
Washington, DC 20005
Telephone: (202) 371 2600
Facsimile: (202) 371-2540

Attorneys for defendant Veeam Software Corporation

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>    vs.<br><br>VEEAM SOFTWARE CORPORATION<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:12-cv-00700 SI (consolidated for all purposed with Civil Action No. 12-01035-SI)<br><br>Honorable: Edward M. Chen<br><br>**STIPULATION AND P~~ROPOSE~~D ORDER REGARDING ESI DISCOVERY PLAN** |

Plaintiff-Counterclaim Defendant Symantec Corporation ("Symantec") and Defendant Veeam Software Corporation ("Veeam") hereby stipulate, subject to approval of the Court, that:

1. The purpose of this stipulation is to avoid unnecessarily burdensome, duplicative, and expensive discovery in this litigation. The parties recognize that the procedures here do not set forth procedures for forensically defensible document production, because such a production in this case would not be consistent with the purpose of the stipulation.

2. The parties agree to conduct a reasonable and thorough search for paper documents and electronically stored information (ESI) responsive to the other side's discovery requests or that are otherwise relevant to any claim or defense asserted in the above captioned case. The parties need not exchange and negotiate search terms with the other side before collecting and producing relevant and responsive information.

3. When possible, electronically-stored documents in English that are text-searchable in their native form will be produced as .tiff images or searchable .pdf images with appropriate Bates numbers and confidentiality designations and, in the case of .tiff images, with load files that denote document breaks and document family relationships and extracted or OCR'd text that is searchable (i.e., production in native format is permitted but not be required, although the parties may later agree to produce certain information in Excel or other native format to facilitate use by each side). No party will be obligated to render a document to searchable form for the purpose of producing the document if that document is not searchable in its native format or if the party does not possess the document in its native format. In producing documents written primarily or entirely in languages other than English, the parties agree that the producing party will produce (1) all non-privileged English translations of such documents that were prepared by or on behalf of the producing party before the filing of this litigation and (2) all certified English translations created during this litigation of documents written primarily or entirely in languages other than English that a party intends to rely upon at trial or in motion practice.

4.     For documents that originally exist in paper form, such documents will be produced as searchable .tiff images.

5.     The parties further agree to delay the search and production of electronic mail ("email") until such time as the receiving party has reviewed the contents of the producing party's document production and determines that electronic mail and electronic mail documentation is required. To obtain email, parties must propound specific email production requests. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances and damages-related discovery. Email production requests shall identify the custodian and time frame. The parties shall cooperate to identify the proper custodians and proper timeframes. Each requesting party shall limit its email production requests to a total of five custodians per producing party for such requests. The parties may agree to modify this limit without the Court's leave. The Court may allow contested requests for up to five additional custodians per producing party, upon a showing of good cause by the party seeking to discover emails of additional custodians.

6.     Each requesting party may select up to ten search terms to apply against the data collected from these five custodians. The parties may agree to modify this limit without the Court's leave. The Court may allow contested requests for up to five additional search terms upon a showing of good cause by the party requesting additional terms. The parties shall cooperate and meet and confer in good faith to devise narrowly tailored requests. The parties shall exchange search term hit results before the search terms are applied to the custodian data set.

7.     The receiving party shall not use inadvertently produced ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or

protection and will promptly return all such inadvertently produced ESI, and all copies, to the producing party..

8. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

9. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

10. The parties agree to delay the search and production of metadata (as used herein to refer to electronically stored information about the document that does not appear on the face of the original document if emailed or printed), audio, or video information until such time as the receiving party has reviewed the contents of the producing party's document production and determines that metadata, audio, and/or video information is reasonably required.  To the extent that the discovery sought is considered unduly burdensome by the producing party (or otherwise objectionable under the applicable rules), the producing party can object on that basis, and the requesting party may seek relief from the Court.  The parties further agree, however, that neither party need deviate from the practices it normally exercises with regard to creation and/or maintenance of such "metadata, audio, or video information."

11. Notwithstanding the foregoing, the parties agree to produce available date and author metadata for documents related to the conception and reduction to practice of any asserted patent, to the extent such metadata exists without the need for forensic collection.

12. The parties have agreed to not search and produce materials retained in tape, floppy disk, optical disk, or similar formats used primarily for back-up or disaster recovery purposes. The parties have further agreed to not search and produce archives that were created solely for disaster recovery purposes, are not used in the ordinary course of a party's business, and are stored

on computer servers, external hard drives, notebooks, or personal computer hard drives.  In reaching this agreement, each party has represented that it has no reason to believe that any disaster recovery backup is the sole source of any relevant information.  The parties need not deviate from their normal business practices with regard to such "tape, floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes."  In particular, recycling of back-up tapes conducted in the ordinary course of a party's business operations is permitted.

13. The parties also agree that if responsive documents are located on a centralized server or network, the producing party shall not be required to search for additional, identical copies of such responsive documents that may be located on the personal computer, or otherwise in the possession, of individual employees absent a showing of good cause that the production of such additional copies is necessary.  The parties will meet and confer to discuss the parameters of the search and production of any such documents.  The parties also agree that if responsive documents are located on a centralized server, network, or an individual employee's computer, the producing party shall not be required to search for additional, identical copies of such responsive documents that may be located on any (other) individual employee's computer, or otherwise in the possession, of individual employees absent a showing of good cause that the production of such additional copies is necessary.  The parties further agree that neither party need deviate from the practices it normally exercises with regard to such additional, identical copies.

14. Notwithstanding the foregoing, the parties have agreed to collect and produce responsive and relevant documents that the producing party knows or has reason to believe to be located only on the personal computer, in an email account, or otherwise in the possession, of individual employees or that can be collected and produced without undue burden.

DATED: July 25, 2012_____        QUINN EMANUEL URQUHART &
                                                                         SULLIVAN
                                                                         By: _/s/ Jennifer A. Kash_____

Jennifer A. Kash (Bar No. 203679)
jenniferkash@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David A. Nelson
davenelson@quinnemanuel.com
Chris Lawnicki
chrislawnicki@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Kate Cassidy
katecassidy@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Attorneys for Plaintiff Symantec Corporation

DATED: July 25, 2012

**STERNE, KESSLER, GOLDSTEIN & FOX PLLC**
By: __/s/ Byron L. Pickard_____
Mark Fox Evens (*pro hac vice*)
Byron L. Pickard (*pro hac vice*)
1100 New York Avenue N.W.
Washington, D.C. 20005
Telephone: 202.371.2600
Facsimile: 202.371.2540
Email: mevens@skgf.com

Gregory P. O'Hara (State Bar No. 131963)
Lisa A. Cole (State Bar No. 184267)
**NIXON PEABODY LLP**
2 Palo Alto Square
3000 El Camino Real, Suite 500
Palo Alto, California 94306
Telephone: 650.320.7700
Facsimile: 650.320.7701
Email: gohara@nixonpeabody.com
Email: lcole@nixonpeabody.com
*Attorneys for Defendant Veeam Software Corporation*

1

2 PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

    DATED: July 27, 2012

4

5                                    By: _____

6                                    Hon. Susan Illston
                                   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIGNATURE ATTESTATION**

Pursuant to General Order No. 45(X)(B), I hereby certify that concurrence in the filing of this document has been obtained from each of the other signatories shown above.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____/s/ Kate E. Cassidy_____