**United States District Court**
For the Northern District of California

1

2

3

4

5        IN THE UNITED STATES DISTRICT COURT

6        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    SYMANTEC CORPORATION,                     No. C 12-00700 SI
                                               Related Case Nos. C 12-01035; 12-05443
9                    Plaintiff,
                                               **ORDER GRANTING DEFENDANT'S**
10         v.                                  **MOTION TO AMEND INVALIDITY**
                                               **CONTENTIONS**
11   VEEAM CORPORATION,

12                   Defendant.
     _____/

13

14           Currently before the Court is defendant Veeam's motion for leave to amend its invalidity

15   contentions, to add two Symantec products as prior art.  Pursuant to Civil Local Rule 7-1(b), the Court

16   finds the matter appropriate for disposition without oral argument and therefore VACATES the hearing

17   scheduled for July 19, 2013.  For the reasons set forth below, the Court hereby GRANTS defendant's

18   motion to amend its invalidity contentions.

19

20                                        **BACKGROUND**

21           Symantec is a software provider which has developed and owns patents in backup and recovery

22   software, including NetBackup and Backup Exec, used in virtual data protection and storage.  Compl.

23   ¶¶ 17, 19 (Dkt. 20).[1]  Veeam produces a Backup & Replication software suite, which "provides

24   image-based backup tools," that competes with Symantec's products in the market.  *Id.* ¶ 28.  Symantec

25

26        [1] Symantec has brought three cases against Veeam: Case No. 12-00700, pertaining to U.S.
     Patents No. 7,191,299 ('299) and No. 7,254,682 ('682); Case No. 12-01035, pertaining to U.S. Patents
27   No. 6,931,558 ('558) and No. 7,093,086 ('086); and Case No. 12-05443, pertaining to U.S. Patents No.
     7,024,527 ('527), No. 7,480,822 ('822), No. 7,831,861 ('861), and No. 8,117,168 ('168).  The parties
28   have stipulated to the dismissal of all claims regarding the '299 and '558 patents.  Unless otherwise
     indicated, all citations are to documents in Case No. 12-00700.

asserts that Veeam has infringed its patents directly, contributorily, and through inducement.

Symantec initially acquired the early versions of its backup and recovery software in 2005, when it merged another software company. *Id.* ¶¶ 11, 13. After additional research and development, Symantec obtained the patents in suit. The patent at issue in this motion, the '682 patent, teaches a "snapshot" method to "selectively back-up desired files." *Id.* ¶¶ 25, 26.

In June 2012, Veeam served a document production request on Symantec, asking for, *inter alia*, documents relating to versions of two precursor backup and recovery products, the V2i Protector and Drive Image products. Decl. of Byron L. Pickard in Supp. of Deft.'s Mot. ("Pickard Decl."), Ex. 1. These two products are mentioned in the specification of the '682 patent. *See* Compl., Ex. D. In July 2012, Veeam served its invalidity contentions, but it did not include the V2i Protector or Drive Image. Pickard Decl., Ex. 3. In an email to Symantec in August 2012, Veeam explained that it did not include these two products in its invalidity contentions because it had not yet received any discovery:

> The only reason these products were not included in the invalidity contentions is Symantec's failure to provide responsive documents. That is, without the requested documents we are not able to determine the particular features of those products and the dates on which those products were first used, sold, offered for sale, etc.

*Id.*, Ex. 4.

Throughout March and April 2013, Symantec produced 189,00 pages and 13,000 files in response to discovery requests. Included in these productions were documents and files relating to the V2i Protector and Drive Image products. After reviewing these documents, Veeam requested to inspect the source code for the V2i Protector and Drive Image. The parties currently dispute whether Symantec must produce the source code.

On May 31, 2013, fact discovery closed. Four days later, Veeam filed its motion to amend its invalidity contentions, to include the V2i Protector and Drive Image products. *See* Proposed Amended Invalidity Contentions, Docket No. 133 (claiming that the V2i Protector and Drive Image, "as evidenced by the transcript of the Val A. Arbon deposition[,] the V2I Protector 2.0 Server Edition User's Manual . . . [and] the Drive Image 7.0 User's Guide, anticipates each of the asserted claims of the '682 patent"). The expert discovery cutoff date is September 13, 2013, dispositive motions must be filed by October 11, 2013, and the jury trial is scheduled to begin February 3, 2014.

**LEGAL STANDARD**

The Patent Local Rules provide, in relevant part: "Amendment or modification of the . . . Preliminary or Final Invalidity Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause." Patent L.R. 3-6. "The local patent rules in the Northern District of California . . . requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006). In determining whether a motion for leave to amend invalidity contentions should be granted, this Court has examined such factors as the relevance of newly-discovered prior art, whether the request to amend is motivated by gamesmanship, and whether the opposing party will be prejudiced by the amendment. *See Yodlee, Inc. v. CashEdge, Inc.*, 2007 WL 1454259, *2-3 (N.D. Cal. May 17, 2007).

In contrast to the more liberal policy for amending pleadings, "the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) (citation omitted). The patent local rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro*, 467 F.3d at 1366 n.12 (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).

**DISCUSSION**

**I.    Good Cause**

Patent Local Rule 3-6(b) provides that a court may find there is good cause to support the amendment of invalidity contentions if there is "[r]ecent discovery of material, prior art despite earlier diligent search." Veeam argues that it diligently searched for prior art, and it moved to amend its invalidity contentions soon after the receipt of discovery. It notified Symantec that the V2i Protector

United States District Court

For the Northern District of California

and Drive Image products potentially invalidated the '682 patent as early as August 2012. However, Veeam could not include these products in its invalidity contentions without more information, and Symantec's 10-month delay in responding to the discovery request was the cause of Veeam's delay in amending its invalidity contentions. Once it received the discovery, Veeam argues that it diligently analyzed the material and timely sought an amendment.

Symantec argues that the evidence of Mr. Arbon's testimony and the user manuals are insufficient to show that the V2i Protector and Drive Image products are invalidating. However, such arguments regarding the sufficiency of the evidence are more properly made in a summary judgment motion. They do not show that there is no good cause to amend the invalidity contentions. Moreover, as discovery is still ongoing, Veeam may learn more facts that support its invalidity contentions.

Symantec also argues that Veeam was not diligent in its search. It points to the fact that some of the materials it ultimately produced in 2013 – the user manuals cited in the invalidity contentions – were publically available and could have been found through a simple internet search. However, Veeam explains that not all of the materials it needed were publically available. It needed non-public documents to determine whether it could claim in good-faith that the V2i Protector and Drive Image products invalidated the patent. Symantec complains that it took Veeam several weeks from the receipt of the discovery to file its motion, but Veeam responds that it took that long to sift through the large amount of discovery and analyze the information.

On balance, the Court finds that Veeam was sufficiently diligent in its search for material. Much of the delay was caused by the late production by Symantec, and although some of the material was publically available, Veeam still needed to view the non-public material before it could in good faith amend its invalidity contentions. Given the voluminous amount of discovery, the Court finds that the weeks Veeam waited to file its amended complaint does not show a lack of diligence, particularly because Veeam was requesting additional information about the source code.

Accordingly, the Court finds that there is good cause to support the amendment of the invalidity contentions because of a recent discovery of material, prior art despite an earlier diligent search.

**II.     Prejudice**

Once the Court determines there is good cause, it considers whether the amendments will prejudice the plaintiff.  Symantec argues that it will be prejudiced because allowing an invalidity amendment at this stage will push back the dates for discovery, summary judgment, and trial.

Veeam argues that the amendments will not affect the schedule for dispositive motions or trial. It states that it will not need additional fact discovery and it will not seek summary judgment based on these two products.  Additionally, because Symantec owns these two products, it already controls all of the information necessary for motions or trial.  Therefore, it will not be prejudiced by the amendments. Moreover, Symantec will not be prejudiced because it was on notice as early as August 2012 that Veeam intended to amend its invalidity contentions to include the V2i Protector and Drive Image products as soon as Symantec produced the requested discovery.

Accordingly, the Court finds that Symantec will not be prejudiced by the amendments to the invalidity contentions.


**CONCLUSION**

The Court GRANTS defendant's motion for leave to amend its invalidity contentions consistent with the Proposed Amended Invalidity Contentions, Docket No. 133 .  This resolves Docket No. 124.


**IT IS SO ORDERED.**


Dated: July 11, 2013

_____
SUSAN ILLSTON
United States District Judge