IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION, | No. C 12-0700 SI |
| Plaintiff, | **ORDER RE: DISCOVERY DISPUTE** |
| v. | |
| VEEAM SOFTWARE CORPORATION, | |
| Defendant. | |

Now pending before the Court is the parties' joint discovery letter. Docket No. 189. In the joint discovery letter, plaintiff Symantec Corporation requests that the Court (1) modify its April 8, 2014 pretrial order to keep the document request part of Symantec's already served third-party subpoenas active and (2) to permit Symantec to serve subpoenas for document production consistent with the Federal Rules of Civil Procedure. *Id.* at 3. For the reasons below, the Court DENIES Symantec's request.

**BACKGROUND**

This is a consolidated patent infringement action initiated by plaintiff Symantec against defendant Veeam Software Corporation, pertaining to U.S. Patents No. 7,191,299 ("the '299 patent"), No. 7,093,086 ("the '086 patent"), No. 7,024,527 ("the '527 patent"), 7,480,822 ("the '822 patent"),

1   7,831,861 ("the '861 patent"), and 8,117,168 ("the '168 patent").[1] On August 19, 2013, the Court

2   granted the parties' stipulation to consolidate Case No. 12-cv-700 with Case No. 12-cv-5443. Docket

3   No. 158. In the order, the Court set the deadline for the close of fact discovery as 90 days from the date

4   of the Court's claim construction order construing the terms of the '168, '527, '822, and '861 patents.

5   *Id.* On January 17, 2014, the Court issued its claim construction order construing the terms of the '168,

6   '527, '822, and '861 patents, thereby making April 17, 2014, the deadline for the close of fact discovery.

7   Docket No. 176.

8   Prior to the Court's April 4, 2014 case management conference, Symantec served twelve third-

9   party document and deposition subpoenas, seeking discovery related to Veeam's customers' use of the

10  accused products. The documents requested in the subpoenas would not have been due until after the

11  April 17, 2014 deadline. Initially, Veeam opposed extending the fact discovery deadline, but, just prior

12  to the April 4, 2014 CMC, (1) Symantec agreed to withdraw the twelve third-party subpoenas; (2)

13  Veeam agreed to produce a 30(b)(6) witness; and (3) the parties agreed to extend the fact discovery

14  deadline and agreed that each party could serve five third-party subpoenas if necessary. Following the

15  CMC, the Court issued a pretrial preparation order, containing the following language:

> The parties resolved several of the discovery issues that were set out in their case management conference statement filed on 3/28/14.
>
> Twelve 3rd party subpoenas are withdrawn. The 30(b)(6) witness shall be produced.
>
> The parties have agreed to issue five 3rd party subpoenas with depositions to be completed by July 18, 2014.

20  Docket No. 188.

21  By the present joint discovery letter, Symantec requests that the Court (1) modify its pretrial

22  order to keep the document request part of Symantec's already served third-party subpoenas active and

23  (2) to permit Symantec to serve subpoenas for document production consistent with the Federal Rules

24  of Civil Procedure. Docket No. 189 at 3.

---

[1] The '299 patent is asserted in the present case, Case No. C 12-700. The '086 patent was originally asserted in Case No. C 12-1035, which has been consolidated with the present case. Docket No. 26. The '527, '822, '861, and '168 patents were originally asserted in Case No. C 12-5443, which has also been consolidated with the present case. Docket No. 158. The Court has dismissed with prejudice the claims related to U.S. Patents No. 7,254,682 and 6,931,558 from the case. Docket Nos. 135, 160.

## DISCUSSION

Symantec has failed to show good cause for modification of the Court's pretrial order. Symantec argues that modification of the order is necessary in light of Veeam's inconsistent representations. Docket No. 189 at 2. The Court finds that there have been no inconsistent representations. According to Symantec, during the parties' meet and confer, Veeam allegedly represented that it would produce information concerning its customers' use of the accused software. *Id.* at 1. Symantec argues that following the CMC Veeam changed its position, when Veeam served its responses to Symantec's discovery requests. *Id.* In response, Veeam argues that despite the objections contained in the responses, it will produce responsive documents in its custody. Docket No. 189 at 4-5, Exs. A-B. Veeam explains that it has only specifically opposed producing documents in response to requests that are overbroad and that it will produce responsive documents once the requests have been narrowed. *Id.* Therefore, there has been no misrepresentation by Veeam at this time, as it states that it intends to produce the responsive documents in its custody. In addition, Symantec has failed to explain to the Court why twelve third-party subpoenas, rather than the five allowed in the pre-trial order, are necessary for it to obtain the discovery its seeks. Accordingly, on this record, Symantec has failed to show good cause for modification of the pretrial order, and the five third-party subpoena limit contained in the pretrial order remains.

## CONCLUSION

Accordingly, the Court DENIES Symantec's discovery request. This order resolves Docket No. 189.

**IT IS SO ORDERED.**

Dated: April 22, 2014

SUSAN ILLSTON
United States District Judge