IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>            Plaintiff,<br><br>    v.<br><br>VEEAM SOFTWARE CORPORATION,<br><br>            Defendant.<br>_____/ | No. C 12-00700 SI<br><br>**ORDER GRANTING THE PARTIES'**<br>**MOTIONS TO FILE UNDER SEAL** |

On May 14, 2014, defendant Veeam Software Corporation ("Veeam") filed a motion to strike Symantec Corporation's ("Symantec") amended infringement contentions. Docket No. 194. On May 28, 2014, Symantec filed its opposition to Veeam's motion. Docket No. 205. On June 4, 2014, Veeam filed its reply in support of its motion. Docket No. 212. Currently before the Court are the following motions to file under seal: (1) the parties' stipulation to file under seal exhibit 17 to Veeam's reply [Docket No. 213] and (2) the parties' stipulation to file under seal exhibits F and L to Symantec's opposition [Docket No. 206].

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public

policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil Local Rule 79-5(b). Because Veeam's motion to strike the infringement contentions is a non-dispositive motion, the "good cause" standard applies. *See Asus Computer Int'l v. Round Rock Research, LLC*, Case No. 12-cv-02099 JST (NC), 2014 WL 465363 (N.D. Cal. Feb. 3, 2014) (stating that a motion to strike is a non-dispositive motion).

The parties move to seal exhibit 17 to Veeam's reply to Symantec's opposition. Docket No. 213. The parties also move to seal exhibits F and L to Symantec's opposition. Docket No. 206. To make the showing of good cause, the moving party must make a "particularized showing" that "'specific prejudice or harm'" will result if the information is disclosed. *Kamakana*, 447 F.3d at 1180, 1186; *accord Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" are insufficient to establish good cause. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

The parties have submitted declarations in support of the parties' stipulations to seal exhibit 17 to Veeam's reply and exhibits F and L to Symantec's opposition. Docket Nos. 209, 206, 213. The parties argue that exhibit 17 and exhibits F and L should be filed under seal because they disclose "Highly Confidential - Attorney's Eyes Only" content and discuss confidential information about the operation of the parties' products. Docket No. 213, Block Decl. ¶ 2; Docket No. 206, Cassidy Decl. ¶ 2; Docket No. 209, Block Decl. ¶ 2. The parties explain that the disclosure of this information would cause both parties harm because the documents include descriptions of the source code of the parties' products. *Id.* The parties also assert that public disclosure of their highly sensitive, confidential source code would destroy the value of their products and would result in competitive injury to the parties. *Id.*

After reviewing the attached declarations, the Court concludes that the parties have shown good cause for sealing exhibit 17 to Veeam's reply and exhibits F and L to Symantec's opposition.

In addition, the parties' requests are narrowly tailored because they seek to redact only the sealable information from the exhibits. Accordingly, the Court GRANTS the parties' joint motions to seal. Docket Nos. 206, 213.

**IT IS SO ORDERED.**

Dated: June 12, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE