1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  SYMANTEC CORPORATION,                    No. C 12-00700 SI

12          Plaintiff,                       **ORDER GRANTING VEEAM'S MOTION
                                             TO SEAL**
13      v.

14  VEEAM SOFTWARE CORPORATION,

15          Defendant.
    _____/
16

17          On June 6, 2014, defendant Veeam Software Corporation ("Veeam") filed a motion to stay with

18  accompanying exhibits and a motion to seal.  Docket Nos. 215-217.  On June 11, 2014, Veeam filed a

19  motion to remove its incorrectly filed motion to stay and exhibits B and C to the declaration of Byron

20  Pickard in support of Veeam's motion to stay.  Docket No. 223.  On June 13, 2014, the Court granted

21  Veeam's motion to remove the incorrectly filed documents and substituted corrected versions of the

22  motion to stay and exhibits B and C in the public record.  Docket No. 227.  Currently before the Court

23  is Veeam's motion to seal portions of its motion to stay and exhibits B, C, D, and F to the Pickard

24  declaration in support of Veeam's motion to stay.  Docket No. 217.

25          With the exception of a narrow range of documents that are "traditionally kept secret," courts

26  begin their sealing analysis with "a strong presumption in favor of access."  *Foltz v. State Farm Mut.*

27  *Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  When applying to file documents under seal in

28  connection with a dispositive motion, the submitting party bears the burden of "articulating compelling

    reasons supported by specific factual findings that outweigh the general history of access and the public

    *United States District Court*
    *For the Northern District of California*

**United States District Court**
For the Northern District of California

1  policies favoring disclosure, such as the public interest in understanding the judicial process."

2  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations

3  and citations omitted).  However, when a party seeks to seal documents attached to a non-dispositive

4  motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient.  *Id.* at

5  1179-80; *see also* Fed. R. Civ. P. 26(c).  In addition, all requests to file under seal must be "narrowly

6  tailored," such that only sealable information is sought to be redacted from public access.  Civil Local

7  Rule 79-5(b).  Because Veeam's motion to stay is a non-dispositive motion, the "good cause" standard

8  applies.  *See SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (stating that a motion

9  to stay is a non-dispositive motion).

10  Veeam moves to seal its motion to stay and exhibits B, C, D, and F to the Pickard declaration

11  in support of Veeam's motion.  Docket No. 217.  To make the showing of good cause, the moving party

12  must make a "particularized showing" that "'specific prejudice or harm'" will result if the information

13  is disclosed.  *Kamakana*, 447 F.3d at 1180, 1186; *accord Phillips ex rel. Estates of Byrd v. Gen. Motors

14  Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).  "Broad allegations of harm, unsubstantiated by specific

15  examples of articulated reasoning" are insufficient to establish good cause.  *Beckman Indus., Inc. v. Int'l

16  Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

17  Veeam has submitted the declaration of Byron Pickard in support of its motion to seal.  Docket

18  No. 217-1, Pickard Decl.  Veeam argues that its motion to stay cites to and excerpts portions of

19  documents designated by both parties as "Highly Confidential" or "Highly Confidential - Attorney's

20  Eyes Only" pursuant to the amended stipulated protective order signed by the Court on March 27, 2013.

21  Pickard Decl. ¶ 9.  Veeam also argues that exhibits B, C, D, and F to the Pickard declaration in support

22  of Veeam's motion include portions of expert reports which have been designated "Confidential

23  Information Subject to Protective Order" or "Highly Confidential."  *Id.* ¶¶ 4-9.  Veeam explains that the

24  disclosure of this information could cause both parties competitive harm because the documents reveal

25  confidential financial, marketing, and sales information.  *Id.*; Docket No. 230-1, Cassidy Decl. ¶¶ 13-15.

26  After reviewing the attached declaration, the Court concludes that Veeam has shown good cause for

27  sealing portions of its motion to stay and exhibits B, C, D, and F to the Pickard declaration in support

28  of Veeam's motion to stay.

1    In addition, Veeam's request is narrowly tailored because it seeks to redact only the sealable

2 information from the motion and the exhibits.  Accordingly, the Court GRANTS Veeam's motion to

3 seal.  Docket No. 217.

4

5    **IT IS SO ORDERED.**

6

7

8 Dated: June 24, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE