IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYMANTEC CORPORATION,

    Plaintiff,

v.

VEEAM SOFTWARE CORPORATION,

    Defendant.

No. C 12-00700 SI

**ORDER DENYING WITHOUT PREJUDICE SYMANTEC'S MOTION TO SEAL**

On June 11, 2014, defendant Veeam Software Corporation ("Veeam") filed a motion to stay. Docket No. 215. On June 20, 2014, Symantec filed its opposition to Veeam's motion to stay along with accompanying exhibits and a motion to seal. Docket Nos. 229, 230. On June 25, 2014, the Court granted the parties' stipulation to stay the action in light of the inter partes review until May 1, 2015, mooting Veeam's motion to stay. Docket Nos. 237, 238. Currently before the Court is Symantec's motion to seal its entire opposition, exhibits D through K to the Cassidy declaration in support of its opposition, and exhibits A to the Kearl, Sims, and Stec declarations in support of its opposition. Docket No. 230.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public

1 policies favoring disclosure, such as the public interest in understanding the judicial process."
2 *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations
3 and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive
4 motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at
5 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly
6 tailored," such that only sealable information is sought to be redacted from public access. Civil Local
7 Rule 79-5(b). Because Veeam's motion to stay is a non-dispositive motion, the "good cause" standard
8 applies. *See SEC v. CMKM Diamonds, Inc*., 729 F.3d 1248, 1260 (9th Cir. 2013) (stating that a motion
9 to stay is a non-dispositive motion).

10 In support of the motion, Symantec has submitted the declaration of Kate Cassidy, and Veeam
11 has submitted the declaration of Byron Pickard. Docket Nos. 230-1, 235. Veeam explains that exhibits
12 D, E, G, H, and J to the Cassidy declaration contain information Veeam has designated as "Highly
13 Confidential - Attorney's Eyes Only" and disclosure of this information could cause competitive injury
14 to Veeam. Docket No. 235, Pickard Decl. ¶¶ 4-8. Symantec explains that exhibit I discloses "Highly
15 Confidential - Attorney's Eyes Only" content and discusses confidential information about the terms
16 of a confidential settlement agreement. Cassidy Decl. ¶ 7. Exhibit K discloses "Highly Confidential -
17 Attorney's Eyes Only" content and discusses confidential information about Symantec's competitive
18 weaknesses. *Id*. ¶ 8. Exhibit A to the Kearl declaration and exhibit A to the Sims declaration contain
19 confidential information about Symantec's financials, competitive position, licensing, and general
20 competitive strategy. *Id*. ¶¶ 9-10. Exhibit A to the Stec declaration reveals confidential information
21 regarding features of Symantec's products. *Id*. ¶ 11. Symantec explains that disclosure of this
22 information could lead to competitive injury. *Id*.

23 Although Symantec appears to have shown good cause for sealing portions of the requested
24 documents, a review of the documents shows that Symantec's sealing request is not narrowly tailored.
25 For example, Symantec seeks to seal its opposition and exhibit F to the Cassidy declaration in their
26 entirety even though portions of these documents do not contain sealable information. Accordingly, the
27 Court DENIES WITHOUT PREJUDICE Symantec's motion to seal. Docket No. 230. Symantec may
28 resubmit its request to seal provided that the request is narrowly tailored such that only sealable

1 information is sought to be redacted from public access within seven (7) days from the date this order
2 is filed.  In the alternative, in light of the fact that the Court has granted the parties' stipulation to stay
3 the action and denied as moot Veeam's motion to stay, Symantec may file a notice withdrawing its
4 opposition and the accompanying exhibits.

**IT IS SO ORDERED.**

Dated: June 27, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE